[Civil No. 547.   Filed March 25, 1897.]

[48 Pac. 213.]

FRANK DYSART, Plaintiff and Appellant, v. COUNTY OF GRAHAM, Defendant and Appellee.

1. OFFICE AND OFFICERS—COUNTY TREASURER—DUTIES—SALARY AS EX OFFICIO TAX-COLLECTOR—LAWS 1889, ACT No. 47; LAWS 1891, ACT No. 52; LAWS 1893, ACT No. 87, SEC. 4; LAWS 1895, ACT No. 51, CITED AND CONSTRUED.—Act No. 47, Laws 1889, *supra*, and Act No. 52, Laws 1891, *supra*, made treasurers in all counties *ex officio* tax-collectors, and Act No. 87, Laws 1893, section 4, *supra*, fixed the salaries of treasurers, and provided "that no county treasurer shall receive any compensation other than in this section provided." In 1895, the counties were reclassified, Laws 1895, Act No. 51, *supra*, and the annual salary of the treasurers of counties of each class as fixed therein were declared to be in full for services, except where otherwise provided. Upon putting Graham County into another

class, the county treasurer thereof must continue to perform the same services theretofore required of him as *ex officio* tax-collector, and he cannot collect any other salary than that expressly prescribed by statute.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, and W. M. Lovell, for Appellant.

The services were rendered by appellant for the county as its agent, and not in his official capacity, for the law had clothed him with no such authority, nor imposed any such duty upon him. The taxes had to be collected; the services of appellant were valuable; the county accepted them; the appellant was treasurer, but not *ex officio* tax-collector under the law. "Where the county attorney performs services for the county which are not required of him by law, he may be paid therefor by the county the value thereof." *Commissioners* v. *Brewer,* 9 Kan. 210.

If extra services be performed by direction of the proper authorities having no connection with the duties of the office, the officer may be allowed compensation therefor. *United States* v. *Austin,* 2 Cliff. 325, Fed. Cas. No. 14,480; *United States* v. *Chassell,* 6 Blatchf. 421, Fed. Cas. No. 14,789.

"If the court call on an officer of the court to render services for which no fee is by law established, he is entitled to a reasonable compensation." *The Schooner F. Merwin,* 10 Bened. 403, Fed. Cas. No. 4893.

When a person undertakes to render services for a municipal corporation, not as a public officer, but as its agent, he may recover the reasonable value thereof. *Detroit* v. *Redfield,* 19 Mich. 376.

Wiley E. Jones, District Attorney, and C. E. Moorman, for Appellee.

HAWKINS, J.—This action was brought by the appellant to recover of appellee the sum of $566.66, the value of services rendered by appellant for appellee in collecting taxes and per-

forming the duties of tax-collector of Graham County from the twentieth day of April, 1895, to the twenty-eighth day of May, 1896. The appellant was the treasurer of said county, and received his salary as such treasurer, but contends that he performed the duties of tax-collector; and the action is one in *quantum meruit,* alleging the value of such services at fifty dollars per month. A demurrer to the complaint was sustained, and, we think, properly. A public officer, in order for him to recover compensation for performing a public service incident to his office, must put his finger upon the statute that authorizes him to recover his salary or fee; otherwise, it must be performed gratuitously. But appellant contends that under a proper construction of the several statutes of the territory relating to the office of treasurer and tax-collector, and the duties imposed upon the incumbents of these offices respectively, whether filled by one or by different persons, they are separate and distinct offices. This view may be correct under Revised Statutes (456) which provides: "The officers of the county are: 1. Probate judge. 2. District attorney. . . . 4. Treasurer. . . . 6. Tax-collector." The duties of the treasurer are prescribed and defined in chapter 7 of title 13 of the Revised Statutes, and some other statutory provisions. The duties of the tax-collector are prescribed in chapters 6, 8, 9 of title 56 of the Revised Statutes, and by Act No. 84 (p. 127) of the legislative acts of 1893. The duties of the two officers are clearly prescribed in the above statutes, and are separate and distinct, although the duties in each may be performed by the same person. The Revised Statutes of 1887 (par. 1974) provided for treasurers' compensation. Paragraph 460 of the Revised Statutes provided for the consolidation of certain offices by the board of supervisors. This mode of consolidation continued until 1889, when (Act 47, Laws 1889) the legislature amended the Revised Statutes (par. 460), making the sheriff in second- and third-class counties *ex officio* assessors and collectors; and the treasurer of first-class counties *ex officio* tax-collector of such counties. In 1891 (Act No. 52, Laws 1891) the legislature made treasurers in counties of the second and third class *ex officio* tax-collectors, and fixed their compensation "in full for all services rendered by them as treasurers and *ex officio* tax-collectors." It can readily be seen now that all the treasurers in all the three different classes of

counties were *ex officio* tax-collectors, and they were required to perform all the duties of both offices. The compensation was fixed at a percentage. In 1893 (Act No. 87, Laws 1893, sec. 4, p. 142) the legislature fixed the salaries of the treasurers of the several classes of counties, viz.: In first-class counties, $3,000; second-class, $1,800; third-class, $1,500,—payable quarterly; and provided "that no county treasurer shall receive any compensation other than in this section provided." We now find the counties divided into three classes, and the treasurers in all the classes are *ex officio* tax-collectors; and the duties of both offices are to be performed, and if we adopt the contention of appellant, that they are separate and distinct offices, which is probably true, yet there is no provision for the payment of but one salary. Under the law the duties of both are compelled to be performed, and by the same person. In 1895 the legislature passed Act No. 51 (p. 68), Laws 1895. This is known as the County Classification Act; and the counties are divided into six classes, and fixes the annual salary of the treasurer in each class as follows: First class, $2,200; second class, $1,700; third class, $1,400; fourth class, $1,200; fifth and sixth classes at $1,000; and provides that the salaries enumerated shall be in full for services, except where otherwise provided. Before this Classification Act, Graham County was a second-class county, and the treasurer was *ex officio* tax-collector. Upon the reclassification of counties putting Graham in another class of counties, unless the legislature expressly provided otherwise, the county treasurer must continue to perform the same services which were theretofore required of him,—i. e. treasurer and tax-collector. He may have to receive less compensation, but that is a question entirely under the control of the legislature. He cannot escape any of the duties required of him simply because the legislature did not say expressly that he was *ex officio* tax-collector, and required to collect the taxes. Nor can he collect any other salary than that expressly prescribed. It was the intention of the legislature that the salaries fixed in the Classification Act were in full for services as treasurer and for performing the duties of tax-collector. The judgment is affirmed.

Baker, C. J., and Bethune, J., concur.